WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
BRYCE B. ELLSWORTH, IDAHO STATE BAR NO. 8254
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

NOV 0 8 2016

Rcvd_____Filed_____Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SERGIO CHAVEZ-MACIAS,<br>SERGIO CHAVEZ-VERDUZCO,<br>ARMANDO OROZCO-GUILLEN,<br><br>Defendants. | Case No. 16-cr-00067-S-BLW<br><br>**SUPERSEDING INDICTMENT**<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C),<br>843, 846, 848, 853 and 856 |

The Grand Jury charges:

### COUNT ONE

**Conspiracy to Distribute Methamphetamine**
**21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)**

Beginning in at least November 2012, the exact date unknown, and continuing to March 1, 2016, in the District of Idaho and elsewhere, the defendants, SERGIO CHAVEZ-MACIAS, SERGIO CHAVEZ-VERDUZCO, and ARMANDO OROZCO-GUILLEN, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other

**SUPERSEDING INDICTMENT - 1**

individuals known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A); all in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(C)

On a date between August and November 2012, the exact date unknown, in the District of Idaho, the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(C)

On a date between June and September 2015, the exact date being unknown, in the District of Idaho, the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR
**Distribution of Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(C)**

Between January 26 and 27, 2016, in the District of Idaho, the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE
**Distribution of Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(A)**

On or about February 10, 2016, in the District of Idaho, the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT SIX

**Continuing Criminal Enterprise**
**21 U.S.C. § 848(a) and (c)**

Beginning in at least November 2012, the exact date unknown , and continuing to March 1, 2016, in the District of Idaho and elsewhere, the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. §§ 841(a)(1), 843(b), 846, and 856, and which violations include, but are not limited to, the substantive violations alleged in Counts One, Two, Three, Four, and Five, which counts are

realleged and incorporated herein by reference as though fully set forth in this count, which violations were part of a continuing series of violations of the Controlled Substances Act, undertaken by the defendants, SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO, in concert with at least five other persons with respect to whom SERGIO CHAVEZ-MACIAS and SERGIO CHAVEZ-VERDUZCO occupied a positions of organizer, supervisor, and any position of management, and from which continuing series of violations the defendants obtained substantial income and resources, all in violation of Title 21, United States Code, Section 848(a) and (c).

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C § 853

As a result of the violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) (b)(1)(C), 846, and 848 set forth in the above counts of this Indictment, the defendants SERGIO CHAVEZ-MACIAS, SERGIO CHAVEZ-VERDUZCO, and ARMANDO OROZCO-GUILLEN, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendants obtained directly or indirectly as a result of the foregoing drug offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses; these interests include, but are not limited to, the following properties:

    **A.**    **Cash Proceeds:** At least the sum of $420,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which

constituted proceeds of the charged offenses, property involved in or facilitating such offenses, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants, to which they are jointly and severally liable.

B. **Substitute Assets:**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated this __8__ day of November, 2016.

A TRUE BILL

*/s/ [signature on reverse]*
_____
FOREPERSON

WENDY J. OLSON
UNITED STATES ATTORNEY
By:

_____
BRYCE B. ELLSWORTH
SPECIAL ASSISTANT UNITED STATES ATTORNEY