UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SERGIO CHAVEZ-MACIAS, SERGIO CHAVEZ-VERDUZCO, and ARMANDO OROZCO-GUILLEN,<br><br>    Defendants. | Case No. 1:16-CR-67-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it two motions by defendants for the production of certain information: (1) the identity of confidential informants (CIs) who will testify; (2) the entire file on those CIs held by the Government; (3) material from the personnel file of Ada County Detective Javier Bustos. For the reasons explained below, the Court will grant the request to reveal the identities of the testifying CIs, and grant in part the other two requests.

# ANALYSIS

## Identification of Confidential Informants

The Government has a privilege to withhold from disclosure the identity of persons who furnish information regarding violations of law. *Roviaro v. U.S.*, 353 U.S. 53, 59 (1957). But that privilege is not absolute:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an

> accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations, the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

*Id.* at 61. The Ninth Circuit has articulated a three-prong balancing test to address whether the disclosure of identifying information regarding an informant is required: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the Government's interest in non-disclosure." *U.S. v. Gonzalo Beltran,* 915 F.2d 487, 488-89 (9th Cir.1990)

Here, the Government plans to have both CIs testify. CI#1 will testify that he was not involved in the conspiracy, and will recount observations and conversations with the Chavez defendants. CI#2 will testify that he was involved in the conspiracy to distribute methamphetamine, although not directly with the Chavez defendants. He will testify to his knowledge of unindicted co-conspirator James Piersol and to statements Piersol made concerning his source of supply.

Both CIs will link the defendants to the drug conspiracy. It will therefore be vitally important for defense counsel to vigorously cross-examine both CIs. This means that the CIs' identification is "relevant and helpful to the defense" because it is necessary to prepare for cross-examination. And the more time the defense has to investigate the CIs, the more prepared they will be – this weighs in favor of immediate identification.

The Government responds that it intends to identify the CIs "at trial" because it is concerned for their "safety." The Government does not explain why it is concerned for their safety. The Court assumes that the Government worries that if the CIs are identified immediately, they may be subject to intimidation or harm, to prevent them from testifying. But the Government does not argue this expressly, and while there is always a threat hanging over any informant, the Government has offered no specific threat looming over these two CIs.

In the balancing analysis, the Court is faced with a weak justification from the Government for delaying identification, and a strong justification from the defense for immediate identification. The Court will therefore order the Government to immediately identify the CIs to the defense.

**Production of CI Files**

The defense wants the entire file the Government has on each CI. The Government has refused to provide the entire file, but is providing (for each CI): (1) their criminal history; (2) any payments made to the CIs by law enforcement; (3) other benefits received such as criminal charges not filed or dropped; (4) agreements between the DEA and the CIs, with names redacted; (5) a statement from the DEA that they are unaware of any evidence that the CIs testified falsely or dishonestly; and (6) DEA information about the CIs abuse of alcohol and/or drugs, if any.

Apparently, there is still some material in the CIs files that the Government will not turn over. The Court has been informed that these files are not voluminous. The

Court will order that the material in the files (not already provided) be provided immediately to the Court for an *in camera* inspection.

The Government states that the Court cannot view the files without an agent present. But that simply will not be possible given the Court's schedule. Thus, the Court will order that the files be delivered to the Court's Law Clerk in the Boise chambers to await review by the Court.

**Production of Personnel File of Detective Javier Bustos**

The Government plans to call Ada County Detective Bustos as both a fact witness and an expert witness on gang matters. The Government must disclose information favorable to the defense from the personnel files of testifying law enforcement officers. *U.S. v. Henthorn,* 931 F.2d 29, 31 (9th Cir. 1991). "If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation." *Id.*

The Court will therefore grant this motion and require the Government to comply with *Henthorn* with regard to Detective Bustos personnel file.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for discovery of *Henthorn* and *Cadet* materials (docket no. 80) be GRANTED, and that the Government comply with the *Henthorn* case in providing material from the personnel file of Ada County Detective Javier Bustos.

IT IS FURTHER ORDERED, that the motion to compel identities and files of confidential informants (docket no. 81) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent its seeks an order that (1) the Government immediately provide the identities of the two confidential informants that will testify, and (2) the Government immediately provide to the Court (to Law Clerk Dave Metcalf in Boise) for its *in camera* review any material in the CI files that was not provided to the defense. It is denied to the extent it seeks production of the entire files directly to the defense counsel.

DATED: May 18, 2017

B. Lynn Winmill
Chief Judge
United States District Court