UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SERGIO CHAVEZ-MACIAS, | Case Nos.  1:20-cv-00394-BLW |
| | 1:16-cr-00067-BLW |
| Defendant-Movant, | |
| v. | |
| | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | **AND ORDER** |
| Plaintiff-Respondent. | |

Before the Court is Sergio Chavez-Macias' Motion to Vacate, Set Aside or
Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 204 in Crim. Case No. 1:16-
cr-00067-BLW and Dkt. 1 in Civ. Case No. 1:20-cv-00394-BLW) and his Motion
for Status Hearing (Civ. Dkt. 11). The Court has reviewed the record and the
submissions of the parties. For the reasons set forth below, the Court dismisses the
§ 2255 Motion. The Motion for Status Hearing is moot.

## BACKGROUND

On March 8, 2016, an Indictment was filed against Chavez-Macias, his
father Sergio Chavez-Verduzco, and Armando Orozco-Guillen charging one count

of conspiracy to distribute 500 grams or more of methamphetamine between October 2015 and continuing until March 1, 2016. *Indictment*, Crim. Dkt. 1.

On November 8, 2016, a six-count Superseding Indictment was filed against Chavez-Macias and the same two co-Defendants charging the same conspiracy but extending the time frame to November 2012 to March 1, 2016 (Count One); charging Chavez-Macias and Chavez-Verduzco with distribution of methamphetamine between August and November 2012 (Count Two), between June and September 2015 (Count Three), between January 26 and 27, 2016 (Count Four), and on or about February 10, 2016 (Count Five); and operating a continuing criminal enterprise ("CCE") covering the same time period as the conspiracy (Count Six). *Superseding Indictment*, Crim. Dkt. 55.

The parties proceeded to trial on May 22, 2017, and the jury returned a verdict on June 1, 2017. *Minute Entries*, Crim. Dkts. 121 and 134. The jury found Chavez-Macias guilty on Count One, and not guilty on Counts Three, Four, Five, and Six. *Jury Verdict*, Crim. Dkt. 142. The Government had previously dismissed Count Two. Crim. Dkt. 114 and 115. Chavez-Macias thereafter filed a Motion for Acquittal (Crim. Dkt. 145) which the Court denied. *Mem. Dec. and Order*, Crim. Dkt. 168.

On January 11, 2018, the Court imposed a sentence of 144 months to be followed by a term of supervised release of five years, and a special assessment of

$100. *Judgment*, Crim. Dkt.174. On January 16, 2018, Chavez-Macias's trial counsel filed a notice of appeal and continued to represent him on appeal. *Notice of Appeal*, Crim. Dkt. 179.

On May 16, 2019, the Ninth Circuit Court of Appeals affirmed this Court's decisions after finding that there was sufficient evidence to support the jury's verdict on the conspiracy count. *United States v. Chavez-Macias*, 770 Fed. Appx. 376 (9th Cir. 2019); Crim. Dkt. 198. Chavez-Macias thereafter timely filed the pending § 2255 Motion alleging various grounds of ineffective assistance of counsel at trial and on appeal.

## STANDARD OF LAW

### 1.  28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached

exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## 2.  Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal.

*United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

More particularly with respect to the performance prong, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686-87. There is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689. This is so because "[it] is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act of omission of counsel was unreasonable." *Id.*

**MEMORANDUM DECISION AND ORDER - 5**

The *Strickland* standard is "highly demanding" and requires consideration of counsel's "overall performance throughout the case," *Kimmelman v. Morrison*, 477 U.S. 365, 382; 386 (1986), and "the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695.

Finally, in evaluating an ineffective assistance of counsel claim, the court may consider the performance and prejudice components of the S*trickland* test in either order. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## DISCUSSION

The Government presented its case through David Wales (an individual then awaiting sentencing for conspiracy to distribute methamphetamine),[1] several law enforcement officers involved in the investigation of the charged conspiracy, text messages recovered from phones belonging to co-Defendants Chavez-Verduzco and Orozco-Guillen, and expert testimony regarding the meaning of those texts in the context of a drug conspiracy.

In his § 2255 Motion, Chavez-Macias claims that defense counsel failed to challenge the Government's evidence related to the conspiracy, failed to make a

---

[1] *See United States v. David Wales*, District of Idaho Case No. 1:15-cr-00214-DCN. Wales was sentenced on June 14, 2017. *Judgment*, Dkt. 388.

multiple conspiracies argument, and failed to challenge the testimony of the Government's expert witness regarding text messages. The Government responds that defense counsel vigorously challenged the evidence throughout the trial and appeal process. The Court will address each claim in turn.

### 1.    Issues Addressed on Appeal

A review of the § 2255 Motion reveals that Chavez-Macias' claims are overlapping and that his arguments alleging ineffective assistance of counsel are intertwined with arguments on the admissibility of certain evidence and the insufficiency of evidence as a whole to support the conspiracy conviction. For example, he argues that there was no evidence of an agreement between him and anyone else to distribute methamphetamine; that the Government's witness, David Wales, presented hearsay evidence; that there was no evidence that he had a phone or that the text messages introduced into evidence involved him; and that there are no video tapes, audio tapes, pictures, hand to hand transactions, or surveillance to prove the conspiracy. *§ 2255 Motion* at 2-3, Civ. Dkt. 1.

These claims are all essentially challenges to the sufficiency of the evidence to support his conspiracy conviction. The Ninth Circuit has already decided that issue by finding that "the evidence presented at trial was sufficient for a rational jury to find every element of the conspiracy charge beyond a reasonable doubt." *Chavez-Macias*, 770 Fed. Appx. at 376.

**MEMORANDUM DECISION AND ORDER - 7**

Issues decided adversely on appeal cannot be raised again or reviewed in a § 2255 proceeding because the appeals court decision becomes the law of the case. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972). *See also United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979); and *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975). This is so even if the issue "is stated in different terms." *Currie*, 589 F.2d at 995.

### 2.      Failure to Challenge Evidence of Conspiracy

A review of the case file and trial transcripts belies Chavez-Macias' claim that defense counsel failed to challenge evidence of the conspiracy. Defense counsel was actively engaged in challenging the evidence from pretrial through appeal starting with a Motion to Compel the identity of confidential informants ("CIs") who would testify at trial and the entire file of those CIs held by the Government (Dkt. 81) and joining co-Defendant Orozco-Guillen's Motion in Limine seeking to exclude evidence of hearsay statements made by Brian Cluff and James Peirsol (Crim. Dkt. 88). Crim. Dkt. 100.

During trial, defense counsel continued challenging the Government's evidence by objecting or joining in the objections of co-Defendants' counsel to the admission of coconspirator statements and text message evidence, bringing an oral motion for a directed verdict at the close of the Government's case, and filing a written Motion for Acquittal following the jury verdict. Crim. Dkt. 145. Finally,

**MEMORANDUM DECISION AND ORDER - 8**

defense counsel filed an appeal challenging the sufficiency of the evidence. That he did not prevail on his arguments is not evidence of deficient performance.

When looking at counsel's "overall performance" and the "totality of the evidence," the Court finds that Chavez-Macias has failed to state a claim for failure to challenge evidence of a conspiracy. *See Kimmelman, supra, and Strickland, supra.*

### 3.    Failure to Challenge a Multiple Conspiracy Case

A reading of the Superseding Indictment reveals that only one conspiracy was charged – the conspiracy between Chavez-Macias and his father to distribute methamphetamine – and the evidence focused on their conduct.

Count One charged:

> Beginning in at least November 2012, the exact date unknown, and continuing to March 1, 2016, in the District of Idaho and elsewhere, the defendants . . . did knowingly and intentionally combine, conspire, confederate and agree with each other and with other individuals known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine . . . .

*Superseding Indictment*, Dkt. 55.

Relying on *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015), Chavez-Macias contends that the Government presented a multiple conspiracies case which created the possibility of jury confusion and that defense counsel was ineffective

**MEMORANDUM DECISION AND ORDER - 9**

for not arguing a multiple conspiracies case. The Court construes this argument as failure of counsel to argue for a multiple conspiracies jury instruction.

Under the facts in *Lapier*, the Ninth Circuit reversed and remanded the conviction on the conspiracy count after finding that the district court's failure to give a specific unanimity instruction was plain error. It found that there were arguably two conspiracies each involving a separate supplier who had no connection to each other and whose time involved with a conspiracy with Lapier did not overlap. It reasoned that some jurors could have convicted based on the conspiracy with the first supplier and others based on the second supplier. *Id.* at 1097;1101. Significantly, the district court and the prosecutor had engaged in a colloquy during argument on Lapier's motion for acquittal in which the court expressed its opinion, and the prosecutor agreed, that there were arguably two separate conspiracies. *Id*. at 1097.

Unlike the relatively short period of the conspiracy in *Lapier*, the conspiracy here alleged that Chavez-Macias and Chavez-Verduzco conspired over a period of several years to distribute methamphetamine to others. They acquired methamphetamine and distributed to others including David Wales, Brian Cluff, and James Peirsol as part of that conspiracy.

More relevant here, a multiple conspiracies issue arises when the indictment charges several defendants with one overall conspiracy. *Govt. Resp*. at 14, Civ.

**MEMORANDUM DECISION AND ORDER - 10**

Dkt. 5 (emphasis added) (citing *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989) (finding multiple conspiracy instruction not warranted where an individual is the sole defendant.)). As stated in *Anguiano*, a multiple conspiracies instruction is warranted where "the proof at trial indicates that a jury could reasonably conclude that *some of [several] defendants were only involved in separate conspiracies* unrelated to the overall conspiracy charged in the indictment." *Anguiano*, at 1317 (emphasis added) (citations omitted). The court observed that "[i]n this type of situation, one of the defendants argues that he or she was only involved, if at all, in a minor conspiracy that is unrelated to the overall conspiracy . . . and that a multiple conspiracies instruction is required in order to ensure that there is no 'spillover' of guilt from one defendant to another." *Id*. at 1318. *See also United States v. Torres*, 869 F.3d 1089, 1101 (9th Cir. 2017) (citing *Anguiano*, finding defendant was not entitled to a multiple conspiracies instruction where there was no evidence that she "was *only* involved in separate conspiracies unrelated to the [charged] conspiracy) (emphasis in original)).

Here, Chavez-Macias is not claiming that the evidence showed that he was only involved in a minor, unrelated conspiracy. He denies all participation in the conspiracy. Both this Court and the Ninth Circuit agreed that the evidence supported every element of the single conspiracy charge. Even without the text message evidence, the conviction was supported:

**MEMORANDUM DECISION AND ORDER - 11**

> Based on the testimony of David Wales and other witnesses, the jury could have concluded beyond a reasonable doubt that Chavez-Macias agreed with some combination of Wales, co-defendant Sergio Chavez-Macias, and other unindicted individuals to sell methamphetamine. Indeed, Wales testified that he did exactly that.

*Chavez-Macias*, 370 Fed. Appx. at 379.

Chavez-Macias cannot show deficient performance or prejudice in connection with counsel's failure to raise the issue of multiple conspiracies.

### 4.    Failure to Challenge Expert Testimony Regarding Text Messages

Chavez-Macias next claims that defense counsel did not challenge the testimony of the Government's expert witness regarding the text messages introduced at trial. This claim is rebutted by the record.

Text messages were introduced through Detective Javier Bustos who then opined that the messages were a "code" consistent with drug trafficking communications. Defense counsel for co-Defendant Orozco-Guillen filed a Motion in Limine challenging, among other things, whether Detective Bustos' interpretations were reliable. Dkt. 89. At trial, the same defense counsel argued extensively against admission of the text messages. *Trial Tr.* 492-503, Dkt. 191 at 16-27. All counsel objected at various times during Detective Bustos' direct examination. *Id.* at 506-514, Dkt. 191 at 30-38.

On cross examination, Chavez-Macias' counsel elicited testimony that there was nothing on the LG phone belonging to Orozco-Guillen that indicated that Chavez-Macias ever owned or possessed that phone. *Id*. at 514-15. He further elicited testimony that the Samsung phone belonged to Chavez-Verduzco and that the circumstances under which it was confiscated did not indicate that it was ever owned or used by Chavez-Macias although it appeared that he might have used it because there were selfies of him on it. *Id*. at 515. On re-cross examination, defense counsel confirmed that Chavez-Macias did not have a phone when he was arrested, that no phone taken from him earlier had been given to him, and that he did not personally obtain any subscriber information indicating that Chavez-Macias ever had a cell phone. *Id*. at 583.

Defense counsel obviously tried to distance the phones and texts from Chavez-Machias. Because his claim is rebutted by the record, it is subject to dismissal.

### 5.    Failure to Challenge Hearsay Statements

Chavez-Macias alleges that defense counsel failed at trial and on appeal to challenge the admission of David Wales' and Kevin Louwasima's testimony about

hearsay statements made by Brian Cluff[2] in violation of *Crawford v. Washington*, 541 U.S. 36 (2004). Specifically, he contends that he was prejudiced by the admission of the testimony about those statements because there was no showing that Cluff was unavailable, and that because those statements were testimonial, *Crawford* required that he should have had an opportunity to confront and cross-examine Cluff. However, *Crawford* is not applicable here.

   "The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford*, 541 U.S. at 42. *Crawford* made clear that the Confrontation Clause applies not only to in-court testimony but also may apply to *testimonial* out-of-court statements introduced at trial. *Id.* at 50-51 (emphasis added). If the statements are testimonial, those statements are not admissible unless the witness is unavailable to testify and the defendant had had a prior opportunity to cross examine. *Id.* at 59. However, if a statement is admissible under Fed. R. Evid. 801(d)(2)(E), there is no violation of the Confrontation Clause in admitting it because the requirements for each are identical. *Bourjaily v. United States*, 483

---

   [2] Brian Cluff was convicted of conspiracy to distribute methamphetamine and possession of a firearm in connection with a drug trafficking crime and sentenced to a term of incarceration of 322 months on October 12, 2016. *See United States v. Brian Cluff, et al.*, District of Idaho Case No. 1:16-cr-00055-BLW. *See Judgment*, Dkt. 69.

U.S. 171, 182 (1987). "A showing of unavailability is not required when the hearsay statement is the out-of-court declaration of a co-conspirator." *Id*. (citation omitted). *See also United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding.")

Under Rule 801(d)(2)(E), an out of court statement is not hearsay "if it is 'offered against an opposing party' and was '[1] made by the party's coconspirator [2] during and in furtherance of the conspiracy.'" *United States v. Saelee*, 51 F.4th 327, 340 (9th Cir. 2022) (citing Fed. R. Evid. 801(d)(2)(E)). "If the parties dispute whether these two requirements of the rule have been met, 'the offering party must prove them by a preponderance of the evidence.'" *Id*. (citing *Bourjaily v. United States*, 483 US. 171, 176 (1987)). When determining whether the offering party has carried its burden, the statement should be considered together with independent evidence to establish that the statement was made in furtherance of the conspiracy. *Id*. (citing *United States v. Castaneda* 16 F.3d 1504, 1507 (9th Cir. 1994)). "[T]he independent evidence must be such that, taken together with the alleged coconspirator statements, it can 'fairly' be said to be 'incriminating.'" *Id*. (citation omitted).

Here, defense counsel for acquitted co-Defendant Orozco-Guillen filed his First Motion in Limine (Crim. Dkt. 88) seeking to exclude admission of Cluff's

statements through the testimony of Wales on the grounds that they were hearsay and did not fall under the coconspirator exception to the hearsay rule (Rule 801(d)(2)(E)). Co-Defendant Chavez-Macias' defense counsel and Chavez-Verduzco's defense counsel joined in that motion. Crim. Dkts. 100 and 102, respectively. The Court heard argument on the motion prior to the start of testimony. *See Trial Tr.* at 39-43, Dkt. 189 at 17-21. The Court advised that, in accordance with its usual practice, it would allow the testimony subject to the statement being tied in and the conspiracy being proven. *Id.* at 39-40; 43. Additionally, during Wales' testimony, all defense counsel either objected to or joined in the objections to testimony regarding Cluff's statements culminating in a continuing objection joined in by all defense counsel. *See id.*, at 137, 145, 147-48, and 149.

Although counsel (and co-Defendants' counsel) consistently challenged the admission of Cluff's statements, he did not specifically challenge on *Crawford* grounds. Such a challenge would have failed due to *Crawford's* inapplicability to a coconspirator's out of court statements that meet the requirements of Rule 801(d)(2)(E). Therefore, Chavez-Verduzco has not established deficient performance or prejudice.

Likewise, the failure to raise the issue on appeal was not deficient. Appointed counsel is not required to raise every possible issue on appeal if he

**MEMORANDUM DECISION AND ORDER - 16**

decides "as a matter of professional judgment" not to do so.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983). In fact, weeding out of weaker issues is "one of the hallmarks of effective advocacy." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (noting that counsel will often omit issues that have little likelihood of success). Here, there would have been no chance of success. Chavez-Verduzco has not established deficient performance or prejudice for failure to raise the *Crawford* issue on appeal.

## CONCLUSION

Chavez-Macias' claims of ineffective assistance of counsel are rebutted by the record or the legal theories he suggests would not have prevailed. The same applies to any claims that counsel failed to raise the underlying issues on appeal. He can show neither deficient performance nor prejudice and thus has not met the *Strickland* standard for relief.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that

questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Chavez-Macias's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.  Chavez-Macias's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 204 in Case No. 1:16-cr-00067-BLW and Civ. Dkt. 1 in Civ. Case No. 1:20-cv-00394-BLW) is **DISMISSED**.

2.  Chavez-Macias's Motion for Status Hearing (Dkt. 11) is **MOOT**.

3.  No Certificate of Appealability shall issue. If Chavez-Macias wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of

Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

4.    If Chavez-Macias files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: March 3, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 19**